## SOUTH BRITISH INS. CO., LIMITED, OF AUCKLAND, NEW ZEALAND, v. YOUNGER, Superintendent of Insurance of Ohio, et al.

### No. 751.

District Court, S. D. Ohio, E. D.

March 10, 1932.

Wilbur E. Benoy, of Columbus, Ohio, for plaintiff.

Gilbert Bettman, Atty. Gen., and Raymond S. Powers, Asst. Atty. Gen., for defendants.

HOUGH, District Judge.

The plaintiff is a foreign fire insurance company. As such, it qualified with the requirements of the Ohio law to write insurance in the state. Having discontinued business in the state of Ohio, and terminated all its obligations to policyholders within the state, it now seeks to withdraw its deposit, which was a prerequisite to its entering business in the Ohio field.

The superintendent of insurance by law is designated the trustee to hold such deposits, and the treasurer of state is the custodian of the fund.

The issues made up by the pleadings have been submitted to the court under a stipulation of the facts and arguments.

It appears that the plaintiff company entered business in the United States through the state of New York pursuant to the laws of that state and pursuant to a trust agreement, and entered it in conformity with that law with the appropriate officers of state. In brief, that agreement as well as the laws of New York required certain trust deposits to be made in the state of New York for the benefit of policyholders, and created a general trusteeship in California for the benefit of all policyholders in the United States.

In compliance with the further requirements under the law of the state of Ohio (Gen. Code, § 9565), the company deposited as aforementioned $100,000, and now seeks to withdraw that deposit by transferring it to the general trustee in California.

The Ohio statute (Gen. Code § 9565), in force at the time the deposit was made, and now in force, provides that the deposit shall be "for the benefit and security of its policyholders residing in the United States. * * *" Prior to the amendment of this act some years ago, and before the plaintiff company qualified to do business in the state, the deposit was to be for the benefit and security of policyholders in Ohio only. By the amendment, the Legislature saw fit to apply it nationally. There seems to be no ambiguity in the language used in the statute as amended. The intention to apply the trust deposit for the benefit of the policyholders, not only in Ohio, but throughout the United States, is emphasized by the language used in the next following section (Gen. Code, § 9566), which provides that the capital of a foreign company of this character shall be deemed to be the aggregate value of its deposits with the insurance or other departments thereof (that is within the state), and of the other states of the United States, for the benefit of policyholders in the United States.

Section 656, Gen. Code, provides the machinery for the discontinuance of business within this state by companies such as the plaintiff. That section, among other things, provides that the deposit may be delivered to the insurance company, if the superintendent is satisfied "that all liabilities and obligations which said deposit has been made to secure have been paid and extinguished." The company complied with all the requirements except that portion just quoted. It is still doing insurance business in a number of the

Western States, and to that extent the superintendent of insurance found that the company had outstanding liabilities and obligations which said deposit had been made to secure. For this reason, that official declined to surrender the deposit.

That the deposit made in this state resulted in constituting the superintendent of insurance the trustee of the fund for the benefit of policyholders within the United States cannot be doubted under the clear interpretation of the Ohio law. What the Legislature did not do was to fully set up the machinery by which this company, and others similarly situated, might finally and fully wind up their trust relationship at the time of or subsequent to the time that the business relationship terminated. From a practical standpoint, it would seem feasible to permit the transfer of the trust fund from the trustee in Ohio to the general trustee in California, as prayed for. Under the familiar law of trusts, the liability of the trustee may not be terminated by his voluntary act alone. The cestui que trusts are interested, and certainly, without their consent, it is not within the power of the trustee to surrender his trust and absolve himself from liability without that consent. The Legislature may have and probably did overlook the feature that we have here, that is, the method of terminating the trust relationship. At all events, that body failed to do so, and it is not within the province of a court of equity to supply machinery· or read into the law something that the court may believe the Legislature should have provided for, or intended to provide for, when to supply that intention there would be no direct relationship to any consistent interpretation of the actual language used by the Legislature.

The prayer of the bill of complaint must be denied, and the case dismissed at the cost to the plaintiff.